# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2015

Lyle W. Cayce
Clerk

No. 15-10133
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LAMIN LAMAR DANIELS, also known as Lamont Robinson,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-196-1

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Lamin Lamar Daniels appeals the 120-month within-guidelines sentence he received following his guilty plea to being a felon in possession of a firearm. Daniels argues that his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). He specifically contends that the district court failed to afford adequate weight to his mitigating arguments in support of a downward variance, such as his low IQ; the gunshot injuries

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

suffered by Daniels and his family members, which resulted in his father's death; and his diagnosed post traumatic stress disorder.

We review sentences for substantive reasonableness, in light of the § 3553(a) factors, under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). The district court is required to impose a sentence sufficient, but not greater than necessary, to comply with § 3553(a)(2)'s goals. *See* § 3553(a). Where, as here, the district court imposes a sentence within a properly calculated guidelines range, the sentence is entitled to a rebuttable presumption of reasonableness on appeal. *United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The district court considered Daniels's mitigating evidence but determined that his history and characteristics, the need for just punishment, and the need for deterrence justified the sentence imposed. We find no abuse of discretion in the district court's weighing or balancing of these factors. *See Cooks*, 589 F.3d at 186. Accordingly, Daniels has failed to rebut the presumptive reasonableness of his within-guidelines sentence. *See Rashad*, 687 F.3d at 644.

In addition, Daniels raises an argument that he concedes is foreclosed by *United States v. Tuma*, 738 F.3d 681, 693 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 2875 (2014). In *Tuma*, we rejected an argument that *Alleyne v. United States*, 133 S. Ct. 2151 (2013), requires any fact that increases a defendant's minimum sentence, including facts that raise his guidelines range, be found by a jury beyond a reasonable doubt and held that *Alleyne* applies "only to facts

that increase a statutory mandatory minimum sentence." *Tuma*, 738 F.3d at 693.  Daniels raises the issue merely to preserve his claim for further review. Consequently, the judgment of the district court is AFFIRMED.